### SMITH et al. v. SUTTON et al.
(No. 1038—5232.)

Commission of Appeals of Texas, Section B.
April 27, 1929.

W. A. Keeling, of Austin, for respondent Sutton.

L. J. Wardlaw, of Fort Worth, for respondent Cornell.

Brian Montague, of San Angelo, for respondent Colquitt.

LEDDY, J. Respondents herein on the 26th day of April, 1929, filed their petition setting up the fact that on the 20th day of April, 1929, the First National Bank of San Angelo was by the probate court of Tom Green county duly appointed temporary administrator of the estate of Mrs. Mattie A. Smith, deceased; the order of the court appointing such administrator being as follows:

"On this the 20 day of April, 1929, it having been shown and appearing to me that Mrs. M. A. Smith, a citizen and resident of Tom Green County, Texas, died in said county on the 18th day of April, 1929, leaving a large estate consisting of real and personal property of the estimated value of Three Hundred Thousand ($300,000.00) Dollars, and that the interest of said estate require the immediate appointment of an administrator.

"It is ordered that the First National Bank of San Angelo, Texas, a suitable person, be and it is hereby appointed temporary administrator of the estate of the said Mrs. M. A. Smith, deceased, with authority to demand, and if necessary, bring and maintain actions for and take possession of all property composing the estate of the said Mrs. M. A. Smith, deceased, and to collect and impound the rents and revenues accruing therefrom and to care for and preserve said estate during the pendency of this proceeding; and further, where necessary, to substitute itself as party, in lieu of the deceased, in law suits to which she was a party, including the proceedings in the Supreme Court and Cause No. 1775 in Pecos County, mentioned in the application herein.

"It is further ordered that the said First National Bank of San Angelo, Texas, do give bond in the sum of Fifty Thousand ($50,000.-00) Dollars, and take the oath as required by law; that this order should be recorded in the probate minutes of the County Court of said county and this appointment shall be in effect until final order is entered herein upon the application for the probate of the instru-

ment filed herein as the last will and testament of the deceased."

Inasmuch as all of the property belonging to the estate of Mrs. Mattie A. Smith is now in possession of W. H. Colquitt, receiver; in cause No. 1775 in the district court of Pecos county, Tex., and the validity of the receiver's appointment is involved in this cause, respondents pray the Supreme Court to issue a writ of injunction enjoining said administrator from interfering with the possession or management of said properties by the receiver.

We are of the opinion that respondents are entitled to have an injunction issued in order to protect the subject-matter of this suit to the extent of enjoining and restraining the First National Bank of San Angelo from taking possession of any of the properties composing the estate of Mrs. Mattie A. Smith, deceased, or from in any way interfering with W. H. Colquitt, receiver, in the control or management of said properties until the Supreme Court has finally disposed of this cause.

We therefore recommend that respondents' petition for injunction be granted to the extent above indicated.

PER CURIAM. Granted, to extent shown by recommendation of the Commission of Appeals, upon giving $500 bond.